IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PAUL CLAYTON, INDIVIDUALLY AND BOTH AS REPRESENTATIVE OF THE ESTATE OF LATRECIA CLAYTON, DECEASED AND AS NEXT FRIEND FOR M.C., S.M., MINOR CHILDREN AND AALIYAH CLAYTON, INDIVDUDALLY         PLAINTIFFS, | § § § § § § § § § | |
| VS. | § § | CIVIL ACTION NO.:_____ |
| ELITE RESTAURANT PARTNERS, LLC, A.C.G. TEXAS, LP, A.C.G. TEXAS GENERAL PARTNERSHIP, LLC, A.C.G. 3018, L.P., A.C.G. TEXAS RESTAURANTS, LLC, INTERNATIONAL HOUSE OF PANCAKES, L.L.C., & KARYN ABRUE         DEFENDANTS. | § § § § § § § § § § § | DEFENDANT INTERNATIONAL HOUSE PANCAKES, L.L.C.'S NOTICE OF REMOVAL |

DEFENDANT'S NOTICE OF REMOVAL

1. Plaintiffs are Paul Clayton, Individually and both as Representative of the Estate of Latrecia Clayton, deceased and as Next Friend for Mxxxxxx Cxxxxxx, Sxxxxx Cxxxxxx, minor children, and Aaliyah Clayton, individually (collectively Plaintiffs); defendant is International House of Pancakes, L.L.C. ("Defendant"). Defendant files this notice of removal pursuant to LR CV-81.

1

2. On March 1, 2022, Plaintiffs sued Defendant for ERISA claims in the 62nd Judicial District Court for Hopkins County, Texas.

3. Plaintiffs had Defendant served with the suit on March 16, 2022. Defendant files this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b)(1).

4. All defendants who have been properly joined and served join in or consent to the removal of this case to federal court. 28 U.S.C. §1446(b)(2)(A).

5. Removal is proper because the Plaintiffs' claims all fall within Section 502(a) of ERISA's civil enforcement scheme.[1] State law claims within Section 502(a) are completely preempted under Section 514(a). Plaintiffs have alleged they were either a participant or beneficiary of an ERISA protected benefits plan that afforded health benefits to decedent LaTrecia Clayton as an employee of the defendants and that the defendants misrepresented to LaTrecia Clayton that she would have health insurance benefits through the defendants' ERISA protected benefit plan. Plaintiffs further allege that LaTrecia Clayton, shortly after starting work for the defendants, was diagnosed with cancer and did not receive the necessary medical treatment to save her life because health insurance benefits under an ERISA protected plan were denied her and that the defendants' misrepresentations about health insurance benefits under the ERISA protected plan

---

[1] 29 U.S.C. §1132.

caused her to take the job and lose health insurance coverage under the State of Texas' unemployment benefits.[2]

Section 502(a) speaks to claims by a plan participant or beneficiary to recover benefits due him/her under the plan (Section 502(a)(1)) or to obtain appropriate relief for a violation of ERISA or a plan, e.g., for breach of a fiduciary duty (Section 502(a)(3)).

ERISA Section 404(a)[3] imposes a fiduciary duty upon administration of an ERISA protected plan that applies to avoiding misrepresentations as to a plan's benefits.[4] Under ERISA, the alleged employer can serve as both the employer and the benefit plan administrator.[5] When the defendants/employers allegedly misrepresented health insurance benefits to Latrecia Clayton, they would be violating a fiduciary duty subject to civil enforcement under ERISA Section 502(a)(3). When the defendants/employers allegedly denied health insurance benefits to Latrecia Clayton, they fell within the scope of civil enforcement under Section 502(a)(1).[6]

Coupling these alleged violations under Section 502(a) with federal preemption under Section 514(a)[7] creates complete preemption and exclusive

---

[2] *See Cannon v. Group Health Service of Oklahoma, Inc.,* 77 F.3d 1270, 1272 (10th Cir. 1996).
[3] 29 U.S.C. §1104(a)(1).
[4] *Varity Corp. v. Howe,* 516 U.S. 489 (1995).
[5] *See* ERISA §3(16).
[6] *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 220 (2004).
[7] 29 U.S.C. §1444(a).

jurisdiction in a federal court for the plaintiffs' claims in this action. Section 514(a) provides that federal law under ERISA shall supersede all State laws that relate to any employee benefit plan. The phrase "that relate to" creates an expansive jurisdictional reach that preempts state law claims by federalizing all Section 502(a) related claims. This federalization assures consistent application of ERISA and requires complete federal preemption of claims that fall within Section 502(a)'s civil enforcement provisions. Plaintiffs' state law claims have been transformed into ERISA federal law claims.[8]

All the elements for complete preemption under ERISA apply in this case. The plaintiffs assert standing as a participant or a beneficiary, defendants as employers are ERISA entities, and the plaintiffs seek relief akin to that available under ERISA Section 502(a).[9]

6.   Copies of all pleadings, process, orders, docket sheet, and other filings in the state-court suit are attached to this notice as required by 28 U.S.C. §1446(a) and LR CV-81. Also attached and supplied to the clerk is a list of all parties and their type as well as the current status of the removed case: pending. Defendant is also providing the clerk a certified copy of the state court docket sheet with copies of filings in the state court. Also accompanying this notice is a complete list of

---

[8] *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54-55 (1987).
[9] *Butero v. Royal Macabees Life Ins. Co.*, 174 F.3d 1207, 1212 (11th Cir. 1999).

attorneys involved in the action, with contact information, a record of which parties have requested a jury trial and the name and address of the court from which the case was removed. There were no motions pending in the state court proceedings.

7. Venue is proper in this district and division under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district and division.

8. Defendant will promptly file a copy of this notice of removal with the clerk of the state court where this suit has been pending.

9. Plaintiffs demanded a jury in the state-court suit.

10. For these reasons, Defendant asks the Court to remove the suit to the United States District Court for the Eastern District of Texas, Sherman Division.

>Respectfully submitted,
>
>BURT BARR & ASSOCIATES, LLP
>
>BY: /s/ M. Forest Nelson
>JOHN HOLMAN BARR
>SBN: 01798700
>jbarr@bbarr.com
>M. Forest Nelson
>SBN: 14904625
>fnelson@bbarr.com
>P.O. BOX 223667
>DALLAS, TEXAS 75222-3667
>(214) 943-0012- TELEPHONE
>(214) 943-0048- FACSIMILE
>
>ATTORNEYS FOR ALL DEFENDANTS

## CERTIFICATION

I am legal counsel for all named defendants in this action. Under penalty of perjury, I certify that all named defendants consented to this removal.

/s/ M. Forest Nelson
M. Forest Nelson

## CERTIFICATE OF SERVICE

On April 14, 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ M. Forest Nelson
M. Forest Nelson