# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| PAUL CLAYTON, INDIVIDUALLY AND | § | |
| BOTH AS REPRESENTATIVE OF THE | § | |
| ESTATE OF LATRECIA CLAYTON, | § | |
| DECEASED AND AS NEXT FRIEND | § | |
| FOR M.C., S.M., MINOR CHILDREN | § | |
| AND AALIYAH CLAYTON, | § | |
| INDIVIDUALLY, | § | |
| | § | |
| *Plaintiffs,* | § | Civil Action No.  4:22-CV-00312 |
| v. | § | Judge Mazzant |
| | § | |
| ELITE RESTAURANT PARTNERS, LLC, | § | |
| A.C.G. TEXAS, LP, A.C.G. TEXAS | § | |
| GENERAL PARTNERSHIP, LLC, A.C.G. | § | |
| 3018, L.P., A.C.G. TEXAS | § | |
| RESTAURANTS, LLC, | § | |
| INTERNATIONAL HOUSE OF | § | |
| PANCAKES, L.L.C., & KARYN ABRUE | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Remand (Dkt. #5).  Having considered the motion and relevant pleadings, the Court finds the motion should be **GRANTED**.

## BACKGROUND

LaTrecia Clayton ("Clayton") was formerly employed by Defendant International House of Pancakes, L.L.C. ("IHOP").  Clayton worked at IHOP's location in Sulphur Springs, Texas. IHOP temporarily ceased operations in March of 2020, as a result of the COVID-19 pandemic. Due to her sudden unemployment, Clayton applied for unemployment benefits and was accepted.

It is unclear when, but "[s]hortly after that" IHOP requested that Clayton return to her

previous position (Dkt. #2 at p. 4).  IHOP allegedly instructed Clayton to release her right to unemployment benefits, and stated it would notify the relevant agency that Clayton was not eligible to receive unemployment benefits because her old position at IHOP was available (Dkt. #2 at pp. 4–5).  According to Plaintiffs, IHOP "advised LaTrecia that she would have health coverage as before in the same manner as her previous employment" (Dkt. #2 at p. 5).  However, Clayton never received health insurance benefits upon her return to employment with IHOP (Dkt. #2 at p. 5).

On June 25, 2020, Clayton was diagnosed with cancer.  She did not qualify for Medicaid until August of 2020 (Dkt. #2 at p. 5).  Plaintiffs allege the ability to receive treatment in the interim would have prevented her death, which occurred on June 30, 2021 (Dkt. #2 at p. 5).

On March 1, 2022, Plaintiffs Aaliyah Clayton and Paul Clayton, individually and as representative of the statute of LaTrecia Clayton, and as next of friend for M.C. and S.M., filed suit in the 62nd Judicial District Court of Hopkins County, Texas, alleging claims for negligence, intentional misrepresentation, fraud in the inducement, and wrongful death (Dkt. #2).  The crux of Plaintiffs' claims is that IHOP wrongly advised Clayton that she would receive health insurance benefits upon her return to employment with IHOP (*See* Dkt. #2 at pp. 6–7).

On April 14, 2022, Defendants removed this case to federal court pursuant to this Court's federal question jurisdiction arguing that Plaintiffs' claims are completely preempted by the Employment Retirement Income Security Act's ("ERISA") civil enforcement provision (Dkt. #1 ¶ 5).  Plaintiffs moved to remand on May 5, 2022 (Dkt. #5).  Defendants responded on May 19, 2022 (Dkt. #7).

## LEGAL STANDARD

A defendant may remove any civil action from state court to a district court of the United

States which has original jurisdiction.  28 U.S.C. § 1441.  District courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States," or over civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000.00, exclusive of interest and costs.  28 U.S.C. §§ 1331, 1332.  The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper."  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  The removal statute must "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand."  *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).  A district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004).

A federal court has federal question jurisdiction over an action only if "a federal question appears on the face of the plaintiff's well-pleaded complaint."  *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011).  The complaint must establish that "federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006); *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009).  Federal question jurisdiction does not arise from the "mere presence of a federal issue in a state cause of action."  *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986); *see also Singh v. Duane Morris, LLP*, 538 F.3d 334, 338 (5th Cir. 2008).

"There is an exception, however, to the well-pleaded complaint rule."  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004).  "When a federal statute wholly displaces the state-law cause of action through complete preemption, the state claim can be removed."  *Id.* (citation, quotation,

and alteration omitted).   As the Supreme Court has explained, "[w]hen the federal statute completely preempts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Beneficial Nat.'l Bank v. Anderson*, 539 U.S. 1, 8 (2003).  "[T]he ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary preemptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'"  *Davila*, 542 U.S. at 209 (citation omitted).

## ANALYSIS

"The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans." *Davila*, 542 U.S. at 209.  To that end, ERISA provides two methods of preemption.  *E.I. DuPont de Nemours & Co. v. Sawyer*, 517 F.3d 785, 797 (5th Cir. 2008).  First, ERISA includes an express preemption clause, which states that, "with certain exceptions, ERISA 'shall supersede any and all State laws insofar as they may now or hereafter relate to an employee benefit plan[.]'" *Id*. at 797 (quoting 29 U.S.C. § 1144(a)).  This is referred to as conflict preemption. *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 338 (5th Cir. 1999).  Second, ERISA has a civil enforcement provision, codified at 29 U.S.C. § 1132(a), referred to as complete preemption.  *Id.* at 336.  A state cause of action is completely preempted where it seeks the same relief as a cause of action authorized by ERISA's civil enforcement section, § 502, "regardless of how artfully pleaded as a state action," *Id.* at 337.  Complete preemption converts a state-law claim that "duplicates, supplements, or supplants an ERISA remedy" into "one stating a federal claim for purposes of the well-pleaded-complaint rule."  *Lone Star OB/GYN Assocs. v. Aetna Health Inc.*, 579 F.3d 525, 529 (5th Cir. 2009) (citations and internal quotation marks omitted).

Plaintiffs contend that, "for a state claim to be removable under ERISA, it must: (1) 'relate

to' an employee benefit plan within the meaning of ERISA Sec. 514(a) and (2) be redressable under the civil enforcement provisions contained in ERISA Sec. 502(a)" (Dkt. #5 at p. 4).  This is not the case.  Under Plaintiffs' standard, Defendants would have to demonstrate both complete preemption and conflict preemption.  However, in the notice of removal, Defendants asserted Plaintiffs' claims were completely preempted by ERISA (Dkt. #1 ¶ 5).  Thus, Plaintiffs' arguments regarding whether Plaintiffs' claims relate to an employee benefit plan within the meaning of § 514(a) are inapplicable.  The Court will now turn to whether ERISA completely preempts Plaintiffs' claims.

The Supreme Court has provided a two-part inquiry to determine whether a claim is completely preempted by ERISA: (1) whether a plaintiff "could have brought his claim under ERISA § 502(a)(1)(B)"; and (2) whether "there is no other independent legal duty that is implicated by a defendant's actions."  *Id.* at 210.  If both prongs are met, the claim is completely preempted.  *Id.*  A defendant need only demonstrate that one of the plaintiff's claims is preempted by ERISA for a court to exercise federal question jurisdiction.  *See Giles*, 172 F.3d at 337.

The first prong of the *Davila* test asks whether a plaintiff could have brought its claims under ERISA § 502(a)(1)(B).  *Davila*, 542 U.S. at 210.  Under ERISA § 502(a)(1)(B), a participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  Standing to bring suit under ERISA is limited to participants, beneficiaries, and fiduciaries.  *Coleman v. Champion Int'l Corp/Champion Forest Prods.*, 992 F.2d 530, 533 (5th Cir. 1993).  A "participant" is "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan . . . ." 29 U.S.C. § 1002(7).  A "beneficiary" is a "person designated by a

participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder."  29 U.S.C. § 1002(8).

The Fifth Circuit strictly construes the class of claimants enumerated in § 1132(a).  *Cobb v. Cent. States*, 461 F.3d 632, 635 (5th Cir. 2006); *Coleman*, 992 F.2d at 534 ("[O]ur previous decisions have hewed to a literal construction of § 1132(a).").  In *Hermann Hospital v. MEBA Medical & Benefits Plan*, the Fifth Circuit formulated two models for standing under ERISA claim cases: (1) independent standing, where a plaintiff is a participant or beneficiary; and (2) derivative standing, where health care benefits have been assigned by the participant or beneficiary, conferring derivative status to the assignee-plaintiff. 845 F.2d 1286, 1289 (5th Cir. 1988).  The Fifth Circuit acknowledged that ERISA permits the assignment of health care benefits, and a valid assignment permits a participant or beneficiary to confer standing to a health care provider if the assignment was valid.  *Id.*  Since the Fifth Circuit does not recognize non-enumerated parties as having standing to sue under § 1132(a), Plaintiffs here must satisfy one of the two enumerated classes to have independent standing, or have been assigned benefits by a member of the enumerated classes.

Unfortunately, the parties neglect to address standing, at least in any meaningful way.  In the notice of removal, Defendants merely conclude, "plaintiffs assert standing as a participant or a beneficiary" (Dkt. #1 at p. 4), without any legal argument or explanation.  Defendants make the same claim in their response (Dkt. #7 at p. 11).  Plaintiffs fail to even mention the issue of standing in their motion to remand (*See* Dkt. #5).  However, the Court finds Plaintiffs would not have been able to bring their claims under ERISA, and thus the *Davila* test for complete preemption is not met.

First, Plaintiffs do not qualify as participants.  If a plan even existed, Clayton, as the

6

employee, would have been the "participant" for purposes of ERISA preemption.  29 U.S.C. § 1002(7).  Second, Plaintiffs cannot be treated like a beneficiary under § 1132(a) because, according to § 1002(8), a beneficiary must be designated by the participant *or* by the plan itself.  The record is silent on this issue.  Finally, Plaintiffs have similarly failed to claim that the plan—which Plaintiffs contest the existence of—designated any of them as a beneficiary.  *See Hermann*, 845 F.2d at 1289.  The Court, therefore, must conclude that Plaintiffs do not have independent status to sue under ERISA.  *See Cobb*, 461 F.3d at 635–36 (holding that, to have standing as a beneficiary under ERISA, a plaintiff must show a designation of beneficiary status by a participant or the terms of the plan and a colorable entitlement to benefits); *see also Coleman*, 992 F.2d at 534.[1]

Because the Plaintiffs could not have brought their claims under ERISA, the first prong of the *Davila* test is not met.  As a result, Plaintiffs' claims are not completely preempted, and remand is appropriate.  *Nixon v. Vaughn*, 904 F. Supp. 2d 553, 561 (E.D. La. 2012) ("When the doctrine of complete preemption does not apply, but the plaintiff's claim is still arguably preempted under § 514(a), the district court, being without removal jurisdiction, must remand to the state court where the preemption issue can be addressed and resolved.") (citing *Giles*, 172 F.3d at 337).

## CONCLUSION

It is therefore **ORDERED** Plaintiff's Motion to Remand (Dkt. #5) is hereby **GRANTED**.

---

[1] The Court is aware of a decision from the Fifth Circuit which permitted a personal representative of a deceased or disabled participant or beneficiary to assert a claim for benefits.  *Pitts v. Am. Sec. Life Ins. Co.*, 931 F.2d 351, 356 (5th Cir. 1991) (allowing a father to sue on behalf of his disabled son after noting that the son had "a reasonable expectation of continued benefits").  However, *Pitts* predates the Supreme Court's decision in *Davila*.  Further, the Fifth Circuit in *Pitts* merely assumed standing existed to assert claims on behalf of a disabled minor, without any analysis.  *See id.* at 355.  Thus, the Court follows the Fifth Circuit's more explicit and detailed directives as set forth in decisions like *Hermann*, 845 F.2d 1286.

The case is remanded to the 62nd Judicial District Court of Hopkins County, Texas.

**IT IS SO ORDERED.**

**SIGNED this 19th day of August, 2022.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE